******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANGEL ALVARADO *v.* COMMISSIONER
OF CORRECTION
(AC 38005)

Lavine, Sheldon and Mullins, Js.

*Argued September 23—officially released December 13, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Angel Alvarado*, self-represented, the appellant (petitioner).

*Zenobia G. Graham-Days*, assistant attorney general,
with whom, on the brief, was *George Jepsen*, attorney
general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Angel Alvarado, appeals following the denial of his petition for certification to appeal from the judgment of dismissal of his petition for a writ of habeas corpus, in which he challenged his disciplinary designation as a member of a security risk group by the respondent, the Commissioner of Correction. The habeas court dismissed his petition for a writ of habeas corpus pursuant to Practice Book § 23-29 (2) on the ground that it failed to state a cause of action upon which relief could be granted. Because a "petitioner's classification as a security risk group member does not implicate a liberty interest" that is "sufficient to invoke the subject matter jurisdiction of the habeas court"; (internal quotation marks omitted) *Rodriguez* v. *Commissioner of Correction*, 159 Conn. App. 162, 166, 122 A.3d 709 (2015); we conclude that the habeas court properly dismissed the petition for a writ of habeas corpus. On this point, jurists of reason cannot differ. Accordingly, we further conclude that the habeas court did not err in denying the petitioner's petition for certification to appeal. See id.

The appeal is dismissed.