******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

REGINALD REESE *v.* COMMISSIONER
OF CORRECTION
(AC 38586)

DiPentima, C. J., and Mullins and Bear, Js.

*Submitted on briefs January 6—officially released April 18, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Sean P. Barrett*, assigned counsel, submitted a brief
for the appellant (petitioner).

*Lisa Herskowitz*, senior assistant state's attorney,
with whom, on the brief, were *John C. Smriga*, state's
attorney, and *Yamini Menon*, former special deputy
assistant state's attorney, submitted a brief for the
appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Reginald Reese, appeals from the judgment of the habeas court following the denial of his petition for certification to appeal from the judgment dismissing in part and denying in part his third petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and presents the following issues for resolution: (1) whether the court erred when it dismissed his ineffective assistance of trial counsel claim as successive; (2) whether trial counsel provided ineffective assistance by failing to investigate and call key witnesses at his criminal trial; and (3) whether first habeas counsel provided ineffective assistance by failing to call key witnesses at the petitioner's previous habeas trial.

After careful review of the record, including the court's well reasoned memorandum of decision, and the parties' appellate briefs, we conclude that the habeas court did not abuse its discretion when it denied the petition for certification to appeal because the petitioner's claims are without merit. The issues raised on appeal, that the court erred in dismissing his claim of ineffective assistance of trial counsel as successive[1] and improperly denied his claim that first habeas counsel also provided ineffective assistance, are not debatable among jurists of reason, could not be resolved in another manner, and do not deserve encouragement to proceed further. See *Alvarado* v. *Commissioner of Correction*, 169 Conn. App. 706, 708, 152 A.3d 86 (2016).

The appeal is dismissed.

[1] The petitioner asks this court to consider whether trial counsel provided ineffective assistance. Because we conclude that the court properly dismissed that claim against trial counsel as successive, we do not consider whether trial counsel provided ineffective assistance.